**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**Tampa Division**

JOSHUA EUGENE BENNETT,

                                     CASE NO.:

     Plaintiff,

     v.

LEXISNEXIS RISK SOLUTIONS INC.,

     Defendant.

_____/

**PLAINTIFF'S COMPLAINT**
**JURY DEMAND**

1.  Plaintiff, Joshua Eugene Bennett (hereinafter "Plaintiff" or "Mr. Bennett"), brings this action against Defendant LexisNexis Risk Solutions Inc. ("LexisNexis") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (hereinafter the "FCRA").

**JURISDICTION AND VENUE**

2.  This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States.

3.  Defendant's voluntary contact with Plaintiff made it foreseeable that it would be hailed into a court in this forum. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).

4.  Venue here is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in Manatee County, Florida, where Plaintiff resides. Assignment to the Tampa Division is proper under Local Rule 1.04 because the claim arose and Plaintiff resides in Manatee County.

**PARTIES**

5.  Plaintiff is a natural person who, at all times relevant to this action, is and was a resident of Manatee County, Florida, and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

1

6. Defendant LexisNexis is and was a "consumer reporting agency" as provided for under the FCRA, 15 U.S.C. § 1681a(f).

7. LexisNexis is a corporation incorporated under the laws of the State of Delaware and authorized to do business in numerous states.

8. LexisNexis maintains its principal place of business at 1000 Alderman Drive, Alpharetta, GA 30005.

9. LexisNexis engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681a(d) to third parties.

## STATUTORY FRAMEWORK OF THE FAIR CREDIT REPORTING ACT

10. The Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., was enacted in 1970 for the purpose of regulating the collection, dissemination, and use of consumer credit information.

11. Congress found that "[c]onsumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers" and that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(3),(4).

12. The FCRA was amended by Congress in 2003 by the Fair and Accurate Credit Transactions Act ("FACTA"), Pub. L. No. 108-159 (2003), in order to, among other things, "prevent identity theft, improve resolution of consumer disputes, [and] improve the accuracy of consumer records."

13. By enacting 15 U.S.C. § 1681c-2(a), Congress required credit reporting agencies to block the reporting of any information in the file of a consumer that the consumer identifies as

2

resulting from identity theft, not later than four business days after receiving (1) appropriate proof of identity, (2) a copy of an identity theft report, (3) the identification of such information by the consumer, and (4) a statement by the consumer that the information is not information relating to any transaction by the consumer. A credit reporting agency may decline to "block" information only if the credit reporting agency reasonably determines that the consumer's request is made in error, was based on a material misrepresentation or the consumer obtained goods, services or money as a result of the blocked transaction. See 15 U.S.C. §1681c-2(c)(1). 15. If a block is declined, the credit reporting agency must then notify the consumer promptly, in the same manner as consumers are notified of the reinsertion of information under § 1681i(a)(5)(B). See 15 U.S.C. §1681c-2(c)(2).

14. The FCRA requires a credit reporting agency to "follow reasonable procedures to assure maximum possible accuracy of the information" each time it prepares a consumer report. 15 U.S.C. § 1681e(b).

15. If a consumer disputes any item of information contained in their file, the credit reporting agency must conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and must record the current status of the disputed information or delete the item from the file, before the end of the 30-day period beginning on the date the agency receives notice of the dispute. 15 U.S.C. § 1681i(a)(1)(A). In performing the reinvestigation, the agency must review and consider all relevant information submitted by the consumer. 15 U.S.C. § 1681i(a)(4).

16. If the disputed information is found to be inaccurate or incomplete or cannot be verified, the credit reporting agency shall promptly delete or modify the item, as appropriate, based on the results of the reinvestigation. 15 U.S.C. § 1681i(a)(5)(A).

17.     If a reinvestigation does not resolve a consumer's dispute, the consumer may file a brief statement setting forth the nature of the dispute, and the credit reporting agency must thereafter note in any subsequent consumer report containing the disputed information that the item is disputed and must provide the consumer's statement (or a clear and accurate summary thereof) in any such report. 15 U.S.C. § 1681i(b),(c).

18.     If a violation of the FCRA is negligent, the consumer may recover actual damages. U.S.C. §1681o(a). If the violation is willful, the consumer may recover any actual damages, or statutory damages of not less than $100 and not more than $1,000, and punitive damages. 15 U.S.C. § 1681n(a). A prevailing consumer is also entitled to recover costs and reasonable attorney's fees. 15 U.S.C. §§ 1681n(a)(3), 1681o(a)(2).

19.     The FCRA provides a private right of action against any person that violates its provisions. 15 U.S.C. §§ 1681n, 1681o.

## **FACTUAL ALLEGATIONS**

20.     Plaintiff is a documented victim of identity theft. Unknown individuals unlawfully used Plaintiff's personal identifying information to obtain one or more credit accounts without Plaintiff's knowledge, authorization or consent, causing Plaintiff to suffer adverse credit and financial consequences.

21.     Plaintiff reported the identity theft to law enforcement, specifically to the Manatee County Sheriff's Office. On or about September 3, 2025, Plaintiff filed an Incident Report with the Manatee County Sheriff's Office ("Police Report") concerning an unknown individual who opened a credit card account at Truist Bank on July 2, 2025 in Plaintiff's name without Plaintiff's knowledge, authorization or consent.

22.     The Police Report each constitutes an "identity theft report" within the meaning of

4

15 U.S.C. § 1681a(q)(4).

23.     As a consequence of the identity theft, fraudulent identifying information—including an email address and online marketing records that do not belong to Plaintiff—became associated with Plaintiff in the files maintained by LexisNexis.

**Disputes With LexisNexis**

24.     The Plaintiff mailed a dispute letter to LexisNexis which was duly received by LexisNexis on November 16, 2025. In that dispute, Plaintiff identified the fraudulent items set forth below as resulting from identity theft, enclosed proof of identity together with his Police Reports, requested deletion or blocking of the fraudulent information pursuant to 15 U.S.C. § 1681c-2 (FCRA § 605B), and that LexisNexis provide the confirmation of removal of the disputed items and the outcome of their investigation. Plaintiff then obtained a subsequent LexisNexis report dated December 17, 2025.

25.     LexisNexis verified—rather than deleted—disputed email and internet records that do not belong to Plaintiff and that Plaintiff identified as resulting from identity theft, and continued to report them in the December 17, 2025 report, including records reflecting the email addresses JOSHBENNETT23@GMAIL.COM and JOSHBENNET23GMAIL.COM, and online marketing records associated with JOSHBENNETT23@GMAIL.COM, associated with various reported sources including AcquireWeb, Datasys Group, Inc., and MI Data & Analytics (formerly Media1 LLC).

**PLAINTIFF'S INJURIES AND STANDING**

26.     As a result of LexisNexis's conduct, Plaintiff has suffered concrete injuries, including emotional distress, damage to his reputation, lost time and labor expended in disputing the fraudulent information, invasion of privacy, and the deprivation of his statutory rights to

accurate reporting and meaningful dispute resolution. These injuries are concrete and particularized and confer standing under Article III. See *Coulter v. Sagestream, LLC*, 501 F.Supp.3d 298 (2020); *Norman v. Trans Union, LLC*, 669 F.Supp.3d 351 (2023); *Chaitoff v. Experian Information Solutions, Inc.*, 79 F.4th 800 (2023).

### COUNT I - VIOLATIONS OF 15 U.S.C. § 1681i AGAINST LEXISNEXIS

27.     Plaintiff incorporates by reference paragraphs 1 through 26 as if fully stated herein.

28.     At all times relevant hereto, LexisNexis is and was a "consumer reporting agency," and Plaintiff was a "consumer," as provided for under the FCRA.

29.     During the relevant time frame, LexisNexis received Plaintiff's dispute, which requested that the fraudulent information be deleted from his consumer file.

30.     LexisNexis violated 15 U.S.C. § 1681i(a) by failing to conduct a reasonable reinvestigation and by verifying, rather than deleting, the fraudulent email addresses and online marketing records, and inquiries after receiving actual notice that they were inaccurate and resulted from identity theft.

31.     LexisNexis's acts or omissions were willful, rendering it liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n; in the alternative, LexisNexis negligently violated the FCRA, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief against LexisNexis in the form of actual damages, statutory damages, punitive damages, attorney's fees, litigation expenses and costs, interest as permitted by law, and such other and further relief as the Court deems equitable and just under the circumstances.

### COUNT II - VIOLATIONS OF 15 U.S.C. § 1681c-2 AGAINST LEXISNEXIS

32.     Plaintiff incorporates by reference paragraphs 1 through 26 as if fully stated herein.

33.     At all times relevant hereto, LexisNexis is and was a "consumer reporting agency," and Plaintiff was a "consumer," as provided for under the FCRA.

34.     Plaintiff identified to LexisNexis information in his file that resulted from identity theft, provided proof of identity, provided an identity theft report in the form of his FTC Identity Theft Report and police reports, and stated that the information did not relate to any transaction by Plaintiff.

35.     LexisNexis violated 15 U.S.C. § 1681c-2 by failing to block, within four business days of receipt, the reporting of the information that Plaintiff specifically identified as resulting from identity theft.

36.     LexisNexis's acts and/or omissions were willful, rendering it liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n; in the alternative, LexisNexis negligently violated the FCRA, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief against LexisNexis in the form of actual damages, statutory damages, punitive damages, attorney's fees, litigation expenses and costs, interest as permitted by law, and such other and further relief as the Court deems equitable and just under the circumstances.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: 7/23/2026                              Respectfully submitted,

SHARMIN & SHARMIN, P.A.

*/s/ Eyal S. Eisig*
Eyal S. Eisig, Esq.
eyal@sharminlaw.com
FBN: 109438
830 North Federal Highway
Lake Worth Beach, FL 33460

7

Main: 561-655-3925
Fax: (844) 921-1022
Attorneys for Plaintiff